IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) BK. NO. 06-00898 |
|---|---|
| JAMES WILLIAM LULL, | ) (Chapter 7) |
| Debtor. | ) |
| | ) ADV. NO. 09-90008 |
| RONALD K. KOTOSHIRODO, CHAPTER 7 TRUSTEE, | ) FINDINGS OF FACT AND ) CONCLUSIONS OF LAW |
| Plaintiff | ) |
| vs. | ) |
| MARTYNE BACHMEN, | ) DEFAULT HEARING: |
| Defendant. | ) DATE: July 23, 2009 ) TIME: 9:30 a.m. ) JUDGE: LLOYD KING |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an adversary proceeding in bankruptcy. Fed.R.Bankr.P. 7001(6). Plaintiff Ronald K. Kotoshirodo ("Plaintiff" or "Trustee") seeks a default judgment against Defendant Martyne Bachmen ("Bachmen").

This matter came on for hearing on July 23, 2009, on Plaintiff's Motion for Entry of Default Judgment Against Defendant Martyne Bachmen filed May 11, 2009 (the "Motion"). Appearing was Kathleen M. Baker, Esq., representing Plaintiff. Although duly noticed, Bachmen did not appear at the hearing or file an

opposition to the Motion. Bachmen was also duly served with the Complaint filed February 3, 2009 (the "Complaint"), but did not answer or otherwise respond to the Complaint. On March 11, 2009, Default was entered against Bachmen.

Having considered the arguments of counsel, the evidence submitted by Plaintiff, the testimony and demeanor of the witness called on behalf of Plaintiff, the records and files in this case, for the reasons stated in open court, and good cause appearing therefore, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1. This is an action for turnover of property to the estate under 11 U.S.C §542(a) and is brought as an adversary proceeding in accordance with Bankruptcy Rule 7001, et. seq.

2. On December 8, 2006, James William Lull, also known as James W. Lull, (the "Debtor") filed a Voluntary Petition under Chapter 7, in the United States Bankruptcy Court for the District of Hawai'i.

3. Plaintiff was appointed as Bankruptcy Trustee for the Debtor on December 8, 2006 and Notice of Appointment was filed on December 12, 2006.

4. Bachmen was, at all times material times relevant, a resident of New Mexico, an expert in pool cues, and a principal in a collectible pool cue company, www.chalkers.com.

2

5. At or near the filing of Debtor's Voluntary Petition, Donald Tipaldi ("Tipaldi") removed over 191 collectible pool cues from Debtor's home. Declarations of James W. Lull and Rob Whalley. Tipaldi conveyed some of the pool cues to Bachmen for sale. Declaration of Rob Whalley. Bachmen sold some of the pool cues, retained some of the pool cues, and retained some proceeds of the sale of pool cues. Id. The pool cues and proceeds are hereinafter referred to as the "Turnover Property".

6. On July 18, 2008, Trustee filed adversary action # 08-90040 against Tipaldi (the "Tipaldi Adversary Action") to, *inter alia*, avoid certain preferential transfers and for turnover to the Trustee of funds or property belonging to the James Lull estate.

7. By a Stipulated Restraining Order filed July 28, 2008, in the Tipaldi Adversary Action (Dkt.#14), the Turnover Property in the possession of Bachmen was to be retained by Bachmen until further order. Exhibit 2. The Stipulated Restraining Order was delivered to Bachmen by email. Exhibit 3. Bachmen was not a party to the stipulation.

8. Bachmen was also served with a subpoena to which she failed to comply. Declaration of Michael A. Lilly. No responsive documents have ever been produced by Bachmen. Id.

3

U.S. Bankruptcy Court - Hawaii    #09-90008    Dkt # 18    Filed 08/06/09    Page 3 of 7

5. At or near the filing of Debtor's Voluntary Petition, Donald Tipaldi ("Tipaldi") removed over 191 collectible pool cues from Debtor's home. Declarations of James W. Lull and Rob Whalley. Tipaldi conveyed some of the pool cues to Bachmen for sale. Declaration of Rob Whalley. Bachmen sold some of the pool cues, retained some of the pool cues, and retained some proceeds of the sale of pool cues. Id. The pool cues and proceeds are hereinafter referred to as the "Turnover Property".

6. On July 18, 2008, Trustee filed adversary action # 08-90040 against Tipaldi (the "Tipaldi Adversary Action") to, *inter alia*, avoid certain preferential transfers and for turnover to the Trustee of funds or property belonging to the James Lull estate.

7. By a Stipulated Restraining Order filed July 28, 2008, in the Tipaldi Adversary Action (Dkt.#14), the Turnover Property in the possession of Bachmen was to be retained by Bachmen until further order. Exhibit 2. The Stipulated Restraining Order was delivered to Bachmen by email. Exhibit 3. Bachmen was not a party to the stipulation.

8. Bachmen was also served with a subpoena to which she failed to comply. Declaration of Michael A. Lilly. No responsive documents have ever been produced by Bachmen. Id.

9. On December 24, 2008, Tipaldi and the Trustee entered into a Settlement Agreement which was approved by the Court on January 21, 2009 (the "Settlement Agreement"). Exhibit 5, Dkt.#897. Pursuant to the Settlement Agreement, Tipaldi irrevocably assigned to the Trustee all right, title and interest Tipaldi had, *inter alia*, in and to the Turnover Property. Exhibit 6.

10. On January 21, 2009, Trustee's special counsel transmitted a letter to Bachmen referencing the Settlement Agreement and Court approval thereof and demanding, *inter alia*, that she account for and turnover all Turnover Property in her possession by January 30, 2009. Exhibit 7. Bachmen did not respond to the letter. Declaration of Michael A. Lilly.

11. Bachmen's web site listed a number of Debtor's pool cues that were either sold by Bachmen or still held by her for sale. Declarations of James W. Lull and Rob Whalley.

12. Debtor was an avid collector of and investor in pool cues, commissioned pool cues to be created by masters in the business, and was proprietor of Garden Isle Billiards in which he was engaged in buying and selling pool cues on a daily basis.

13. Debtor identified from a list posted on Bachmen's web site which pool cues were taken from his home by Tipaldi.

4

14. As to those pool cues which had not been sold, Debtor opined that their list prices totaling $44,920.00 were reasonable fair market values.

15. As to those pool cues listed as sold, Debtor opined that $115,000.00 was their total reasonable fair market value.

16. Bachmen is entitled to a credit of $34,436 that Tipaldi received from Bachmen.

17. The net value of Debtor's pool cues in Bachmen's possession, both sold and unsold, after deducting the amount Bachmen paid Tipaldi, is $125,484.00. Therefore, the principal amount owed to Plaintiff by Bachmen is $125,484.00.

18. Plaintiff incurred reasonable attorney fees in the amount of $7,704.19 and reasonable costs in the amount of $265.24 to prosecute this action.

19. Plaintiff's version of the facts is accepted as accurate and has not been opposed.

## III. CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(I). Venue is proper.

2. The Complaint states one cause of action. Count I alleges that Plaintiff is entitled to the Turnover Property, an accounting for the Turnover Property, for the value of the Turnover Property and to recover interest on the Transfer and Plaintiff's costs of suit.

5

3. Plaintiff has satisfied the requirements of 11 U.S.C. § 542(a). Tipaldi assigned to the Trustee all of his right, title, and interest in any pool cues or proceeds of pool cues in the possession of Bachmen.

4. As an owner and by experience, Debtor was competent, within the meaning of Rule 702, Federal Rules of Evidence, to opine on the reasonable fair market value of his pool cues in Bachmen's possession and which had been sold by her.

5. Default Judgment is therefore entered in favor of Plaintiff and against Bachmen on Count I of the Complaint.

6. Plaintiff is entitled to recover reasonable attorney fees to enforce the assignment from Tipaldi to Plaintiff pursuant to HRS, § 607-14.

7. Any Conclusion of Law which is a Finding of Fact shall be deemed and considered as a Finding of Fact. Any Finding of Fact which is a Conclusion of Law shall be deemed and considered a Conclusion of Law.

8. Judgment will be entered in favor of Plaintiff and against Bachmen as follows:

    (i)    For the principal amount of $125,484.00.

    (ii)    For reasonable attorney fees in the amount of $7,704.19.

    (iii)    For costs in the amount of $265.24.

    (iv)    For total judgment in the amount of $133,453.43.

9. The foregoing judgment will hereafter bear interest at the federal legal rate of .49% per annum.

10. Plaintiff has met the requirements for certification of the judgment under FRCP, Rule 54(B).

DATED: Honolulu, Hawaii, August 6, 2009.

Lloyd King
United States Bankruptcy Judge